### LEWIS et al. v. REYNOLDS.†

(Court of Civil Appeals of Texas. Texarkana. March 13, 1912. Rehearing Denied March 21, 1912.)

**1. ACTION (§ 57*)—CONSOLIDATION.**

Plaintiff sued H. L. and two others, who were partners in an automobile repair business under the name of H. L., to recover two automobiles left with defendants for repair, and for damages caused by refusal to redeliver them. H. L. afterwards sued plaintiff for a balance due on an open account and for the charges for repairing and storing the automobiles and to foreclose a lien thereon for payment of such balance due. Sayles' Ann. Civ. St. 1897, art. 3319, gives proprietors of stables a special lien on vehicles placed with them for their charges, and article 3320 gives a mechanic a possessory lien for repairing any vehicle. *Held*, that the two actions were properly consolidated; the question of whether plaintiff was entitled to recover the automobiles depending on whether he owed L. for the charges claimed and refused to pay them, and the parties in effect being the same to each action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 632–675; Dec. Dig. § 57.*]

**2. TRIAL (§ 192*) — INSTRUCTIONS — ASSUMPTION OF FACTS—UNDISPUTED FACTS.**

An instruction may assume an undisputed fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

**3. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—INSTRUCTIONS—DAMAGES.**

Error in an instruction in charging that interest on the sum due appellants from appellee began to run sooner than it in fact did was favorable to appellants so that they could not complain thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by E. P. Reynolds against Hugh H. Lewis, Jr., and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Appellee was the plaintiff in a suit commenced in the Forty-Eighth district court by his petition filed May 13, 1910. He sought to recover of appellants Hugh H. Lewis, Jr., and H. H. Lewis and one Paul Waples, who he alleged were partners in the operation of a garage and automobile repair shop in Ft. Worth, the possession of two automobiles, which he alleged he left with them in January, 1910, to be repaired, and damages in the sum of $3,100 suffered by him, he alleged, because of their refusal to redeliver said automobiles to him. Appellee afterwards dismissed his suit as to Waples. The an-

swer of appellants to the petition was filed July 22, 1910. It consisted of a general demurrer, a general denial, and a special denial under oath of the existence of a partnership as between themselves, or between themselves and Waples, as charged in the petition.

Appellant Hugh H. Lewis, Jr., was the plaintiff in a suit commenced in the Sixty-Seventh district court by his petition filed May 16, 1910. He sought to recover of appellee a balance he claimed to be due on an open account for $316.70, with a credit of $96.55, covering charges made by him against appellee for repairing said automobiles, for supplies and material for same, and for storing same, and to foreclose a lien he claimed on the automobiles to secure the payment of said balance. By an order made June 10, 1910, this suit was transferred to the Forty-Eighth district court for trial. July 12, 1910, appellee filed in the latter court his answer to the petition, in which, among other things, he alleged the facts set up by him in his petition in the other suit as grounds for the recovery he thereby sought against appellants, and in which he prayed for a recovery against Hugh H. Lewis, Jr., as sought in that suit. On appellee's motion this suit, by an order made September 20, 1910, over the objection of appellant Hugh H. Lewis, Jr., was consolidated with appellee's suit against appellants.

After the two suits were consolidated, as just stated, to wit, on September 21, 1910, appellants filed in lieu of their original answer an amended answer to the petition in appellee's suit against them. In said amended answer they set up, among other things, the account made the basis of the suit of Hugh H. Lewis, Jr., against appellee, and prayed as in said suit for a judgment in favor of said Hugh H. Lewis, Jr., for the balance claimed to be due on said account and for a foreclosure of the lien to secure same asserted by him.

The verdict was in favor of appellee against appellants for $800, as the damages suffered by him, and in favor of appellants against appellee for $96.78, as the balance due them on their account covering repairs, etc., of the automobiles. On the verdict the court rendered a judgment in favor of appellee against appellants for the sum of $703.22 and costs. The judgment also was in his favor for the automobiles.

Chas. T. Rowland and Hunter & Hunter, all of Ft. Worth, for appellants. W. R. Sawyers, of Ft. Worth, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] We do not think the action of the trial court in consolidating the two suits entitles appellants to a reversal of the judgment. Appellee's suit was to recover the automobiles as well as for damages. The suit in the name of Hugh· H. Lewis, Jr., as plaintiff, was to recover a debt claimed to be due for work on the automobiles, material and supplies furnished therefor, storage thereof, and to foreclose a lien claimed thereon to secure the payment of the debt. Whether appellee was entitled to recover the automobiles or not depended on whether he owed Hugh H. Lewis, Jr., such a debt, so secured, and was ready to pay it, or not. Sayles' Stat. arts. 3319, 3320; Lithgow v. Sweedberg, 78 S. W. 246. These questions, it seems to us, not only could, but should, have been determined in one and the same suit. The contention made that the suits should not have been consolidated because the parties were not the same in each of them, we think, is satisfactorily answered by the finding of the jury, supported by ample testimony, that appellants were partners doing business in the name "Hugh H. Lewis, Jr." If they were partners, then they, and not Hugh H. Lewis, Jr., alone, were the plaintiffs in the suit brought against appellee, and the parties on the respective sides of the controversy covered by the two suits were the same.

[2, 3] The second paragraph of the charge is attacked as on the weight of the testimony, in that in it the court assumed as facts: (1) That appellee about April 7, 1910, demanded the automobiles of H. H. Lewis; (2) that appellee then tendered to said H. H. Lewis a sum of money in payment of the debt due for repairs, etc., of the machines; and (3) that said H. H. Lewis was such an agent of Hugh H. Lewis, Jr., as to make a tender to him binding on the latter. In answer to these objections to the charge, we think it sufficient to say: "As to the first one, that the testimony that appellee did make such a demand on H. H. Lewis was undisputed; as to the second, that it is not supported by the record, it appearing therefrom that the court in his charge did not assume as a fact that appellee had made such a tender, but, on the contrary, submitted to the jury, as an issue to be determined by them, whether he had made a tender or not; and, as to the third, that the jury found that appellants were partners. Said paragraphs of the charge is further attacked as erroneous because in it the court told the jury, on conditions stated, to find in favor of appellants interest on the sum due them for repairs, etc., by appellee, from said April 7, 1910. Appellants' complaint is that as a matter of law interest on the sum due them by appellee did not begin to accrue until January 1st following said April 7, 1910. Obviously, if the instruction was erroneous as claimed, the error was in appellants' favor, and therefore not one of which they have a right to complain.

Other objections, but none of them more meritorious than those above referred to, are urged to the judgment. The assignments presenting them are overruled.

The judgment is affirmed.